IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

No. 1:08-CR-369-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | RESPONSE IN OPPOSITION TO MOTION TO |
| | ) | CORRECT/SUPPLEMENT RECORD ON |
| | ) | APPEAL |
| TOMMY LEWIS BENNETT, JR. | ) | |

      NOW COMES the Defendant, by and through the undersigned counsel, Jennifer Haynes Rose, of the Law Office of Jennifer Haynes Rose, and files this response in opposition to the Motion to Correct/Supplement Record on Appeal in the above-captioned matter. The Government filed such motion to include facts that were not present in the Joint Appendix filed by the parties with the Fourth Circuit Court of Appeals and which were not located in the underlying case on appeal. Specifically, the Government wishes the Court to make a determination of facts based upon information it has provided that still does not answer all the questions in order to make such a factual finding. The Defendant, Tommy Lewis Bennett, Jr., hereby respectfully requests that this Court deny such motion.

      The Government requests that the Court, in any "manner as the Court deems appropriate" determine if "Mr. Folmar ever appeared before the Grand Jury as an attorney for the government in relation to the instant case. . . ." The Government presents as evidence for the Court's review an affidavit executed by court reporter, Page Champion Roberts. Such affidavit maintains only that on or about September 30, 2008, she was the court reporter for any and all items to be heard by the Grand Jury on such date. (Affidavit, Page Champion Roberts, filed by Government). Accordingly to Ms. Roberts, the only matter heard that date was the matter involving Tommy Bennett and his co-defendants and that the AUSA handling such matter for the Government was

L. Patrick Rudd.  However, this affidavit does not indicate nor does the record and docketing statement or other public records involved in this matter establish if this was in fact the only time such matter was presented for evidence to the Grand Jury.  Grand Juries do not necessarily hear all evidence regarding a particular matter at only one sitting, but rather, can meet on different occasions to hear evidence regarding a case.  The undersigned attorney does not know of the date(s) that this matter was heard and believes that such information is necessary in order to make any decision regarding this matter.  Furthermore, the entry of the entire transcript for review by the parties and submission to the Court (and to the Fourth Circuit) would permit all parties to know exactly how many occasions the matter of the Defendant was heard by the Grand Jury, exactly who was present inside the Grand Jury room, and exactly who asked questions of the witnesses.

The Government presented to the Grand Jury a copy of the Indictment formally charging the Defendant and his co-defendants with offenses.  This Indictment was executed by Mr. Folmar and the United States Attorney for the Middle District of North Carolina.   Mr. Folmar did not have a valid license to execute the Indictment.  Supposedly, after presentation of information and witnesses during the grand jury proceedings on date(s) unknown by the undersigned attorney, the grand jury's foreman executed the indictment against the Defendant.

In regards to the second issue identified by the Government, the government requests that this Court determine whether "Mr. Freedman, defendant's trial counsel, as to Mr. Folmar's situation."  Government Motion To Correct/Supplement Record on Appeal, at 4-5.  In support of this motion, the Government provided an affidavit by Mr. Freedman in which he stated that on or before March 16, 2009, he became aware of Mr. Folmar's situation.  This two point affidavit does not indicate how he received information regarding Mr. Folmar's situation, to what extent

he was aware of Mr. Folmar's lack of a valid license, whether this information was specific to his defendant nor did it indicated whether the knowledge was transferred to the Defendant. According to the affidavit presented to the Fourth Circuit, and which is attached hereto, the Defendant, Mr. Bennett, contends that he did not receive any information from anyone regarding the lack of a license until well after he had executed the plea agreement in this matter.

Nothing in the current information presented to the court answers these questions and thus, the issues presented for the Court's review by the Government can be determined and set forth as fact for review by the Fourth Circuit Court of Appeals. Accordingly, the undersigned attorney hereby requests that the Court deny the Motion to Correct/Supplement Record on Appeal filed on May 3, 2011 by the Government.

This the 23rd day of May, 2011.

Law Office of Jennifer Haynes Rose

__/S/ Jennifer Haynes Rose _____
Jennifer Haynes Rose,
N.C. State Bar 21036
2525 Toll Mill Court
Raleigh, North Carolina  27606
(919) 816-8177
Jhroseatlaw@aol.com


/s/ James B. Craven III
James B. Craven III
Attorney at for Defendant
349 West Main Street
Box 1366
Durham, NC  27702
NCSB 997
919-688-8295
JBC64@MINDSPRING.COM

CERTIFICATE OF SERVICE

I have this day mailed a copy of this motion to Government counsel:

> Paul A. Weinman, Esquire
> Assistant U.S. Attorney
> United States Courthouse
> 251 North Main Street
> Winston Salem, NC 27101

This 23rd day of May 2011.

> /s/ James B. Craven III
> James B. Craven III