**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4422

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

TOMMY LEWIS BENNETT, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge. (1:08-cr-00369-NCT-2)

Submitted:  January 5, 2012            Decided:  February 10, 2012

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Raleigh, North Carolina, for Appellant. Ripley Rand, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tommy Lewis Bennett, Jr., appeals his 102-month sentence following his guilty plea to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). On appeal, Bennett argues that (1) the district court lacked jurisdiction to hear his case because it was later discovered that an Assistant United States Attorney ("AUSA") who signed the indictment had had his bar license administratively suspended; (2) the Government committed a violation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), in failing to inform him of the AUSA's bar status; and (3) the district court imposed an unreasonable sentence. We affirm.

Bennett first argues that the AUSA's signature on the indictment deprived the district court of jurisdiction. A federal court is without jurisdiction in a criminal prosecution where the Government lacks an authorized representative. See United States v. Providence Journal Co., 485 U.S. 693, 708, 108 S. Ct. 1502, 1511 (1988). Further, Federal Rule of Criminal Procedure 7(c) requires that an indictment "be signed by an attorney for the government." Here, the United States Attorney, an authorized representative of the Government, also signed the indictment. The unauthorized AUSA did not participate in any further proceedings. Accordingly, the errant signature was

2

superfluous and therefore did not deprive the district court of jurisdiction to hear Bennett's case.

Bennett also contends that the Government committed a Brady violation in failing to disclose the AUSA's bar status prior to the entry of Bennett's guilty plea.  "In Brady, the Supreme Court announced that the Due Process Clause requires the government to disclose 'evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment.'"  United States v. Caro, 597 F.3d 608, 619 (4th Cir. 2010) (quoting Brady, 373 U.S. at 87).  To prevail on a Brady claim, a defendant must demonstrate that the evidence was exculpatory or impeaching in nature, was material to the defense, and was suppressed by the government either willfully or inadvertently.  United States v. Moussaoui, 591 F.3d 263, 285 (4th Cir. 2010).

Here, as the district court found, the evidence suggested that the Government did provide defense counsel with accurate information regarding the AUSA's professional standing.  Any failure by defense counsel to relay that information to Bennett personally is not attributable to the Government.[*]

---

[*] Bennett does not raise an ineffective assistance of counsel claim; moreover, ineffective assistance of counsel does not appear conclusively from the record.  See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

3

Moreover, the information was not exculpatory evidence material to either guilt or punishment. Accordingly, the Government did not commit a Brady violation.

Finally, Bennett challenges the reasonableness of his 102-month sentence on the grounds that the district court failed to provide an adequate explanation and erred in refusing to grant a departure greater than fifteen percent pursuant to the Government's substantial assistance motion under U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2008). We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in the district court "[b]y drawing arguments from [18 U.S.C.] § 3553 [(2006)] for a sentence different than the one ultimately imposed"). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines." Gall, 552 U.S. at 51.

4

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'"  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50 (emphasis omitted)). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence.  Id. (internal quotation marks omitted).  The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007) (alterations omitted)).

Here, the district court's explanation was adequate. Though it must provide an explanation for its decision, in departing below the statutory mandatory minimum pursuant to USSG § 5K1.1, a court is permitted to consider only "the nature, extent, and significance of the defendant's assistance." United States v. Pearce, 191 F.3d 488, 493 (4th Cir. 1999); see United States v. Fennell, 592 F.3d 506, 509 (4th Cir. 2010) (noting that, under § 5K1.1, sentencing judge has discretion to award reduction "consistent with the non-exclusive list of factors,

5

all related to the nature and quality of a defendant's assistance."). The court's discussion with counsel reflected its consideration of Bennett's assistance and both parties' arguments regarding the departure.

We further hold that the district court's fifteen percent departure was reasonable. In support of his request for a greater departure, Bennett presented only his own testimony and that of a police officer. The officer acknowledged that Bennett was cooperative, but stated that the information Bennett provided was not productive to his agency. In the absence of more extensive and reliable testimony, the district court did not err in granting the Government's request for a fifteen percent departure. See USSG § 5K1.1 cmt. n.3 ("Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain."). Thus, we find Bennett's sentence to be reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED